IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Andrea McGuirk                          *
161 Federal Ann Ct.
Westminster, Maryland 21157             *

       Plaintiff                       *

v.                                      *      Case No.:

                                        *

Noom, Inc.                              *
450 West 33rd Street, 11th Floor
New York, NY 10001                      *

SERVE ON:                               *

The Corporation Trust Company           *
Corporation Trust Center
1209 Orange Street                      *
Wilmington, Delaware 19801
                                        *
       Defendant
                                        *
_____/

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiff, Andrea McGuirk, by Thomas W. Hale and The Law Office of Thomas W. Hale, LLC, hereby files this Complaint against Defendant, Noom, Inc., for violations of the Maryland Fair Employment Practices Act. Mrs. McGuirk states as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Mrs. McGuirk is bringing this action against the Defendant seeking damages resulting from the Defendant's violations of the Maryland Fair Employment Practices Act.

2. Mrs. McGuirk is a citizen of the United States and resides in Carroll County, Maryland.

3. The Defendant is a business formed in the United States, has a principal office in New York, New York and has a principal place of business in Delaware.

4. Mrs. McGuirk initially filed this claim timely with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC issued the Notice of Right to Suit on October 22, 2024 thereby giving Mrs. McGuirk ninety (90) days to file this lawsuit.

5. Therefore, this Honorable Court has original jurisdiction over this action under the provisions of Title 28, Section 1332 of the United States Code, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant.

7. The venue of this action is properly predicated on Title 28, Section 1391(b) of the United States Code.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Ms. McGuirk started her employment with Defendant on or about February 3, 2020. She worked from her home located in Carroll County, Maryland.

9. Ms. McGuirk excelled in her position with Defendant. She was never given any negative feedback from her supervisors.

10. During the course of her employment (March/April 2021), however, she and others on her team faced sexual harassment by her supervisor. Ms. McGuirk and

others on her team worked from home. She was required to have on-line meetings with her supervisor and other employees from time to time. Many of the employees, including Mrs. McGuirk, were mothers. During those meetings, the supervisor would require the employees stay on video when they were breast feeding their children. He also made demands that they call him "daddy" during those on-line meetings. Obviously, this is inexcusable behavior.

11.    Ms. McGuirk and others reported this supervisor to the Defendant. However, nothing was done. The supervisor remained employed with Noom in a supervisory role.

12.    Later, Ms. McGuirk was at the end stage of her pregnancy with her third child. She requested maternity leave, which was granted by the Defendant on November 24, 2023.

13.    On January 20, 2024, Ms. McGuirk was advised that her maternity leave benefits would expire on April 1, 2024, and she would be required to return to work on April 1, 2024.

14.    A few days later, on January 23, 2024, Ms. McGuirk was advised that she was being terminated by the Defendant. Ms. McGuirk was on maternity leave when she received the termination email from the Defendant.

15.    Ms. McGuirk attempted to obtain her personal file from Defendant. She was confused as to why she was terminated as her employment history was stellar. However, Defendant refused to provide her with her employment file.

16.    While her maternity leave was supposed to extend to April 1, 2024 (the short-term disability company had approved this), and she was promised those benefits even after she was terminated, Defendant later arbitrarily terminated her leave early on March 1, 2024.

17.    On or about April 15, 2024, Ms. McGuirk learned that she was also dropped from the Defendant's insurance plan without any notice or offering of COBRA. Ms. McGuirk learned of this when one of the charges for her newborn health care treatment and prescriptions were rejected. Apparently, the Defendant arbitrarily cancelled Mrs. McGuirk's policy on March 31, 2024 even though Defendant agreed to extend the insurance for four months.

## COUNT I – VIOLATION OF MARYLAND FAIR EMPLOYMENT PRACTICES ACT

18.    Ms. McGuirk sues the Defendant and realleges by reference all of the factual allegations set forth in this Complaint.

19.    While Maryland is an "at will" State, the Defendant had a duty to ensure that it complied with the Maryland Fair Employment Practices Act. This includes, but is not limited to, ensuring that employees are not terminated in violation of the Maryland Public Policy set forth in the Act.

20.    Maryland Public Policy dictates that employers cannot terminate an employee because of:

Race
Color
National Origin
Religion
Sex

4

Sexual Orientation
Gender Identity
Age
Disability
Genetic Information
Marital Status

21.     Further, employers also cannot terminate employees in retaliation for "protected activity."

22.     Here, the Defendant violated the Maryland Fair Employment Practices Act. Defendant terminated Ms. McGuirk after notifying the Defendant of sexual harassment from a superior and while she was on maternity leave. Defendant further retaliated against Ms. McGuirk by forcing her to Release any and all claims she may have or waiving a buy out of earned stock options; cancelling her insurance without offer COBRA and without notice to Ms. McGuirk in violation of its own termination letter; and by terminating the remainder of her maternity leave pay in violation of its own termination letter.

23.     As a direct and proximate result of Defendant's termination and violations of Maryland Law, Mrs. McGuirk suffered loss of employment, loss of the remainder of her maternity leave, loss of her insurance just after having her baby, and loss of other benefits and services she was entitled to. Ms. McGuirk was also forced to place her children in daycare after retaining other employment.

WHEREFORE, Andrea McGuirk demands judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) for compensatory and punitive damages plus additional interest, costs and attorney's fees, and such other relief as is deemed just and proper by this Court.

5

Respectfully submitted,

_____/s/_____

THOMAS W. HALE
Attorney CPF No. 0306180116
The Law Offices of Thomas W. Hale, LLC
421 Malcolm Drive
Westminster, Maryland 21157
(443) 391-7910 (phone)
hale@twhalelaw.com

## PRAYER FOR JURY TRIAL

The Plaintiff hereby elects for a jury trial.

_____/s/_____
THOMAS W. HALE

6